UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**NEIL ST. JOHN RAYMOND,**            Chapter 7
    Debtor            Case No. 13-16214-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**JOSEPH G. BUTLER, CHAPTER 7 TRUSTEE**
    Plaintiff

v.            Adv. P. No. 14-1082

**CANDLEWOOD ROAD PARTNERS, LLC,
MAPLECROFT PARTNERS LLC,
53-85 CANAL STREET LLC, BUTTONWOOD
TRUST, BUTTONWOOD NOMINEE TRUST,
2002 BUTTONWOOD NOMINEE TRUST,
NEIL ST. JOHN RAYMOND, JR., MACY
RAYMOND, BENJAMIN RAYMOND,
SAMUEL RAYMOND, AND
ELIZABETH RAYMOND**,
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion of Plaintiff Joseph G. Butler, Chapter 7 Trustee, for Leave to Amend Complaint pursuant to Rule 7015(a)" (the "Motion"). Pursuant to his Motion, the Trustee "seeks leave to file a Verified Second Amended Complaint for the limited purpose of avoiding and recovering specific transfers of

1

personal property, the circumstances of which transfers have only recently come to light in the course of discovery." Specifically, the Trustee seeks to add Count X (Raymond Fraudulently Transferred the Gift Collectibles to Defendants, Jed and Sam Raymond – M.G.L. c. 109A, §§ 5 and 6 and 11 U.S.C. §§ 544, 548 and 550). In support of his Motion, the Trustee states that his proposed Verified Second Amended Complaint includes the allegations, counts, and exhibits associated with counts that this Court has previously dismissed (i.e., Counts I, II, III, IV, V, VIII and IX) for purposes of an eventual appeal. Nevertheless, he contends that his proposed amendment is intended to conform the pleadings to the evidence discovered regarding certain artwork, antiques and other valuable personalty identified as "the Collectibles." The Trustee asserts that he is not attempting to expand matters for trial beyond the ownership and sale of the Collectibles, some of which are in the possession of Neil St. John Raymond, Jr. ("Jed") and Samuel Raymond ("Sam") (the "Gifted Collectibles"). He adds that, if this Court were to grant leave to amend, the Verified Second Amended Complaint would replace the Verified First Amended Complaint in its entirety, and that he would proceed with his claim for turnover of Collectibles (existing Count VI) under the additional theory that the Gifted Collectibles are fraudulent transfers (proposed Count X).[1] He also states that there is no need on his part for further discovery.

---

[1] Following the filing of the Motion, the Trustee, on October 22, 2015, filed an adversary proceeding against Sam and Jed (Adv. P. No. 15-1178). In addition, on October 21, 2015, he filed an adversary proceeding against Elizabeth Raymond (Adv. P. No. 15-1177). In the adversary proceeding against Sam and Jed, the Trustee seeks the same relief as in Count X. In the adversary proceeding against Elizabeth Raymond, he seeks avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and 551, as well

2

The Defendants, Candlewood Road Partners, LLC, Maplecroft Partners LLC, 53-85 Canal Street LLC, Buttonwood Trust, Buttonwood Nominee Trust, 2002 Buttonwood Nominee Trust, Raymond Children's Trust, Neil St. John Raymond, Jr., Macy Raymond, Benjamin Raymond, Samuel Raymond, and Elizabeth Raymond filed an Opposition to the Motion. They state that the Trustee has known for more than 18 months, indeed, prior to the filing of the original complaint on April 25, 2014, that Jed and Sam have asserted ownership of the Gifted Collectibles and that he knew which specific items were alleged to have been "gifted" to them by Neil St. John Raymond (the "Debtor"). Noting that the Trustee waited until after the September 30, 2015 discovery deadline to file the Motion, they conclude that "in light of the lack of good cause to permit an amendment to the complaint so late in the litigation, undue delay by the Trustee, and ensuing prejudice to the Defendants, the Motion should be denied."

The Court heard the Motion on December 2, 2015 and directed the parties to file supplemental briefs as to whether the recent amendment to Fed. R. Civ. P. 16 affects determination of the Motion. The issue presented is whether the Trustee is entitled to amend his Complaint after the completion of discovery under the standard applicable to Fed. R. Civ. P. 15 or under the standard applicable to Fed. R. Civ. P. 16.

---

as postpetition transfers pursuant to 11 U.S.C. §§ 549, 550 and 551. On November 3, 2015, the Trustee filed a Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1 for Order Approving Settlement Agreement with Elizabeth Raymond. The Court, after notice and a hearing, and in the absence of any objections, granted the settlement motion on December 8, 2015.

3

The procedural chronology applicable to resolution of the issue is undisputed. An evidentiary hearing is unwarranted to resolve the issue raised by the Motion.

## II. BACKGROUND

On Schedule B-Personal Property, the Debtor listed interests in various household goods and furnishings, books, pictures, art, firearms and other collectibles of unknown value. On April 25, 2014, the Trustee commenced this Adversary Proceeding, seeking, *inter* alia, (i) to establish the estate's interest in the Collectibles; (ii) to compel the Defendants to turnover the Collectibles; and (iii) to the extent that any Collectibles are jointly owned, to sell the Collectibles pursuant to 11 U.S.C. § 363(h). On April 17, 2015, the Court granted the Defendants' motion to dismiss certain counts in the adversary proceeding unrelated to the Trustee's claims for the turnover and sale of the Collectibles. *See* Butler v. Candlewood Road Partners, LLC, 529 B.R. 455 (Bankr. D. Mass. 2015). On April 20, 2015, the Court issued a Pretrial Order setting forth the deadlines for the parties to submit a discovery plan, to complete discovery, and to submit a Joint Pretrial Memorandum, which order was amended on September 15, 2015 to require the completion of discovery by September 30, 2015 and the submission of the Joint Pretrial Memorandum by November 5, 2015.

From April 24, 2014 through July 8, 2015, a period of approximately 15 months, the Trustee knew that the Debtor had made gifts of certain Collectibles to his sons Jed and Sam, namely, the Gifted Collectibles that the Trustee now claims belong to the Debtor's estate. On July 8, 2015, the Defendants provided the Trustee with their answers to the Trustee's First Set of Interrogatories from which the Trustee first learned that Jed

4

and Sam claimed ownership of twelve collectibles by virtue of alleged gifts by the Debtor within the applicable four-year look-back period of the Massachusetts fraudulent conveyance statute. *See* Mass. Gen. Laws ch. 109A, § 10.

On or around July 8, 2015, the Trustee agreed to postpone any depositions in this adversary proceeding in light of a mediation session, which took place on July 22, 2015. Because of defense counsel's vacation schedule, the Trustee was unable to depose Jed until September 16, 2015, although he attempted to do so earlier. During his deposition, Jed confirmed his Interrogatory response, in which Sam "joined," testifying that he and Sam received gifts within four years of the Debtor's bankruptcy filing.

The Trustee, on October 7, 2015, filed the instant Motion for the purpose of adding a count to avoid and recover fraudulent transfers of personal property received by Jed and Sam, and to add related allegations.

**III. DISCUSSION**

A. <u>Applicable Law</u>

The parties agree that the amendments to the Federal Rules of Civil Procedure, which became effective on December 1, 2015, do not affect the issues presented. Rather, the Defendants maintain that the Trustee must satisfy the "good cause" standard applicable to Fed. R. Civ. P. 16(b), made applicable to this proceeding by Fed. R. Bankr. P. 7016, rather than the more liberal standard set forth in Fed. R. Civ. P. 15, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015 which the Trustee cited in the caption of his Motion.

According to the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962),

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. at 182. In the context of a bankruptcy case and the proposed amendment to a complaint within weeks of trial, the United States Court of Appeals for the First Circuit, in Zullo v. Lombardo (In re Lombardo), 755 F.3d 1 (1st Cir. 2014), observed:

> Under the rules governing adversary proceedings, the bankruptcy court should freely give a party leave to amend his complaint when justice so requires. *See* Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(2). While the rules thus reflect a liberal amendment policy, we defer to the bankruptcy court's denial of leave to amend if supported by an apparent, adequate reason, *see* Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995), and under this court's precedent, undue delay in moving to amend, even standing alone, may be such an adequate reason. *See* Acosta–Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51–52 (1st Cir. 1998); *see also* Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (listing "undue delay" as a reason for denying leave to amend).
>
> In any event, we have repeatedly said that when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some 'valid reason for

6

> his neglect and delay.'" Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 20 (1st Cir. 1979)). And we have previously labeled as "considerable time," warranting explanation, periods of fourteen months, *see* Grant, 55 F.3d at 6, fifteen months, *see* Acosta–Mestre, 156 F.3d at 52, and seventeen months, *see* Stepanischen, 722 F.2d at 933. We have also held that in assessing whether delay is undue, a court will take account of what the movant "knew or should have known and what he did or should have done." Invest Almaz v. Temple–Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir. 2001) (quoting Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000)).

In re Lombardo, 755 F.3d at 3-4 (footnote omitted). *See also* Follo v. Morency (In re Morency), Case No. 10–13666–JNF, Adv. P. No. 10–1133, 2015 WL 5545469, at *15 (Bankr. D. Mass. Sept. 18, 2015).

In contrast to the Rule 15(a) standard, according to the United States Court of Appeals for the First Circuit in Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62 (1st Cir. 2013),

> Rule 16(b) requires that the district court enter a scheduling order setting certain deadlines, including a deadline for the parties to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(1). Those deadlines may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[O]ur case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines" have passed. Flores–Silva, 710 F.3d at 3 (quoting Trans–Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)) (internal quotation marks omitted). We have also noted that Rule 16's "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. at 3 (citing Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)).

Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d at 64.

In summary, Rule 15(a) sets forth a liberal standard for amendment, freely permitting amendments when justice so requires, while Rule 16(b) requires a showing of "good cause."

B. Analysis

Upon consideration of the standards set forth above, and the arguments of the parties, this Court concludes that even were it to apply the heightened standard under Rule 16(b), the Trustee has satisfied his burden. Accordingly, the Court shall enter an order permitting him to amend his Verified Second Amended Complaint.

Although the Trustee filed his original Complaint on April 25, 2014, this Court did not issue its Pretrial Order until almost one year later on April 20, 2015. The Pretrial Order did not contain a deadline for filing amended pleadings; it did set forth tight deadlines for the completion of discovery and the filing of the Joint Pretrial Memorandum, which deadlines the parties agreed, with Court approval, to extend, such that discovery was to have been completed by September 30, 2015 and the Joint Pretrial Memorandum filed on or before November 5, 2015. The Trustee's Motion, filed six months after the entry of the Pretrial Order and approximately three months after he learned the dates when the Debtor made gifts of the certain Collectibles to his sons, Jed and Sam, does not evidence undue delay, bad faith or dilatory motives on the part of the Trustee. Although the Defendants complain about undue prejudice and their need to now depose the Debtor, the Court concludes these concerns are overstated in view of the relationship between the Debtor and his sons, Jed and Sam. *See* Forman v. Davis, 371 U.S. at 182.

Applying the good cause standard, this Court is mindful that the Trustee acts as a fiduciary to the creditors of the Debtor's bankruptcy estate. See In re Payne, 512 B.R. 421, 426-27 (Bankr. E.D.N.Y. 2014)("'As an officer of the Court and as a representative of [the debtor's] creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the Debtor's creditors. Although a Chapter 7 trustee is a fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured creditors.'"). The Trustee's assertion of a fraudulent transfer claim, if successful, will benefit those creditors. In view of the mediation effort on the part of the parties, summer vacations, the absence of a deadline for filing amended pleadings in the Pretrial Order, and any undue delay, this Court concludes that good cause exists for permitting the Trustee to amend his Complaint to add a count which is predicated on much the same evidence that will be adduced for success on Count VI. Although the Defendants argue that a jury trial, with its attendant delays, costs, and alteration of trial strategy, will be required if the Complaint is amended, the Court observes that a right to a jury trial can be waived, thereby reducing costs, particularly where, as the Defendants maintain, the Gifted Collectibles are worth approximately $150,000. Alternatively, the parties may consent to a jury trial in this Court. See 11 U.S.C. § 157(e). Here, the underlying alleged facts relied upon by the Trustee present proper claims for relief that potentially will benefit the bankruptcy estate. The Trustee should be afforded an opportunity to try his claims on the merits. See Foman v. Davis, 371 U.S. at 182.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order overruling the Opposition and granting the Motion.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: December 9, 2015